1/13/20

## COMMONWEALTH OF MASSACHUSETTS

PLYMOUTH, ss.               SUPERIOR COURT DEPARTMENT
                            CIVIL ACTION NO: 2083CV00028B

HENRY ASKEW and            )
JENNIFER ASKEW,            )
                           )
   *Plaintiffs*          )  COMPLAINT AND
                           )  DEMAND FOR JURY TRIAL
v.                         )
                           )
AIG PROPERTY CASUALTY COMPANY )
                           )
   *Defendant*           )
                           )

COMMONWEALTH OF MASSACHUSETTS
SUPERIOR COURT DEPT. OF THE TRIAL COURT
PLYMOUTH COUNTY

JAN 1 3 2020

Clerk of Court

### I. INTRODUCTION

1. This action arises from unfair and deceptive business practices and insurance claim practices by Defendant, AIG Property Casualty Company ("AIG" or "Defendant"), in violation of M.G.L. c. 93A (the Massachusetts Consumer Protection Statute) §§ 2 and 9 and M.G.L. c. 176D, §3(9). These practices include failure to offer insurance coverage to their insured, Henry Askew and Jennifer Askew (collectively, "the Askews" or "Plaintiffs"), relating to Building Code rebuilding or, in the alternative, an ensuing covered loss, as well as unreasonable withholding of loss-of-use payments. AIG granted full coverage to the Askews for water damage to their residence following a wind-driven rain storm; however, it improperly denied the Askews appropriate coverage after AIG's independent adjuster investigated the residence in connection with the rain damage and discovered building code deficiencies that required the Askews to vacate the residence, obtain alternative housing, and embark on massive demolition and reconstruction to make their residence safe and habitable.

## II. PARTIES

2. Plaintiff Henry Askew ("Mr. Askew") is a resident of Massachusetts. He is insured by Defendant as part of Defendant's Private Client Group.

3. Plaintiff Jennifer Askew ("Ms. Askew") is a resident of Massachusetts and Mr. Askew's wife.

4. Defendant, AIG Property Casualty Company, is affiliated with American International Group, Inc., a Delaware corporation that provides insurance products, agents, brokers and adjusters to individual and business customers around the globe, including in Massachusetts.

## III. FACTS

### A. The Premises

5. Mr. Askew owns the real property located at 15 Bassin Lane, Scituate, Massachusetts (the "Premises"). From approximately November, 2010 to October, 2018 the Askews resided in the Premises with their family.

6. AIG issued a Massachusetts Homeowners Insurance Policy, Policy Number PCG 0005399540, to the Askews on November 24, 2017 with an effective Policy Period of November 24, 2017 through November 24, 2018. (the "Policy").

7. In early March 2018, wind-driven rain caused damage to the front side of the Premises due to leakage around some doors and windows.

8. The Askews filed a claim against the Policy relative to the water damage, with a date of loss of March 8, 2018.

9. As a result of the water damage from wind-driven rain, selective demolition of the Premises occurred, as agreed to by AIG.

10. Upon inspection by the Askews' contractor and Brian Gregory, an independent adjuster hired by AIG, additional damage to the Premises was found, including hidden rot to sheathing and framing behind exterior siding, and building code deficiencies that were attributed to the water damage and ensuing hidden rot.

11. As the Askews started repairing the damages to the Premises, it quickly became evident that the Premises had framing and structural design deficiencies and were not built in accord with the Massachusetts Building Code, or with appropriate permitting.

12. The building inspector from the Town of Scituate, citing grave concern for the structural integrity of the Premises, would not allow the Premises' walls to be replaced or closed unless Building Code upgrades were made to bring the Premises into compliance with the law.

13. It became clear that it was not safe for the Askews or their family to live in the Premises until the Premises' structural framing could be brought up to Massachusetts Building Code specifications.

14. Because attempting to repair the framing deficiencies would be riskier and more expensive than starting over, the Premises must be demolished and rebuilt completely.

15. The Askews obtained an estimate in the amount of $1,869,275 to complete the demolition and rebuilding of the Premises.

16. As a result of these findings and statements by the building inspector, the Askews re-engaged AIG to seek additional coverage, and moved out of the Premises.

17. The Askews found an appropriate rental property for $6,000.00 per month (the "Rental Property").

18. The Askews continue to reside in the Rental Property to date, and must do so until the Premises can be reconstructed into a place suitable for living.

**B.   Claims History**

19.   Upon initial adjustment of the Askews' claim, AIG issued payment of $64,491.21 for water damages relating to wind driven rain, and an additional $10,000.00 for the discovered rot.

20.   The $10,000.00 payment was the Policy's limit for "Ensuing Fungi."

21.   After further consideration and communication with the Askews through their public adjuster, AIG offered to issue a supplemental payment relating to wind-driven rain water damage in the amount of $22,649.62, and a supplemental payment in the amount of $12,000.00 for loss of use.

22.   The Policy requires AIG to pay the Guaranteed Rebuilding Cost for any damaged portion of the Premises provided coverage exists.

23.   AIG has denied any and all claims relating to the rebuilding of the clear framing and structural design deficiencies of the Premises, relying on the "Gradual or Sudden Loss," "Structural Movement," and "Faulty, Inadequate or Defective Planning" exclusions of the Askews' policy.

24.   All exclusions cited by AIG in support of its decision to deny the Askews' claim concerning framing and structural design deficiencies contain the language "we do insure ensuing covered loss unless another exclusion applies."

25.   AIG's denial of coverage ignores the plain language of the Askews' AIG policy, and applies policy exclusions that are clearly not applicable to the Askews' situation.

26.   The Policy explicitly contains a very broad "Additional Coverage" provision that states: "**11. Rebuilding to Code** We will pay the extra expenses to obey any law or ordinance that regulates the repair, rebuilding or demolition of property damaged by a covered loss."

4

27. The Town of Scituate's refusal to allow the walls of the Premises to be replaced or closed until the Premises are brought up to Building Code standards, combined with the inability of the Askews to reside in the Premises until they are deemed structurally sound, present the exact scenario to which the Policy's "Rebuilding to Code" "Additional Coverage" is applicable.

28. The Building Code deficiencies and hidden rot were discovered on the Premises only because of the original water damage claim, for which AIG decided to provide full coverage.

29. AIG has already paid the Askews pursuant to the Policy for a loss relating to the water damage from wind-driven rain.

30. AIG has already paid the Askews pursuant to the Policy for a loss relating to rot.

31. AIG covered the rot damage pursuant to the "Ensuing Fungi" "Additional Coverage."

32. Under the Policy, the "Ensuing Fungi" "Additional Coverage" is only triggered if "resulting from a covered loss."

33. By paying for the wind-driven rain damage and rot damage, AIG made an admission that the water damage to the Premises was a prior covered loss, and that the rot was found incidental to that loss.

34. AIG is now obligated to cover the expense related to the rebuilding of the Premises in order to make the Premises compliant with the building code and structurally sound.

35. Because the framing and structural issues were likewise found incidental to the water damage loss, the "ensuing covered loss" provisions of the cited exclusions are triggered.

36. The sheathing and framing of the Premises were inspected as a result of the initial claim of water damage.

37. The fact that rot was found as a result of the initial investigation of water damage played no role in whether the Building Code deficiencies were present and found.

38. Under the terms of the Policy, the "Ensuing Fungi" "Additional Coverage" is triggered when a loss is *caused by* fungi…" (emphasis added).

39. There is no evidence that the rot caused the Building Code deficiencies.

40. The Building Code deficiencies caused, or at least contributed to, the rot issues.

41. The Policy's $10,000.00 limit of liability applicable to the "Ensuing Fungi" "Additional Coverage" does not apply to the "Rebuilding to Code" "Additional Coverage."

42. AIG issued the $12,000.00 loss-of-use payment based on its determination that two months was the shortest reasonable amount of time to "restore your residence to a habitable condition."

43. The $12,000.00 payment made by AIG to the Askews for loss of use covers only two months of the Askews' rent for their alternative housing during the mandatory demolition and rebuilding of the Premises.

44. The complete demolition and rebuilding of the Premises could not possibly have occurred in two months.

45. The Policy's "Ensuing Fungi" "Additional Coverage" offers at least an additional $5,000.00 of coverage, beyond that paid by AIG, due to the rot found.

46. AIG has not paid even that additional $5,000.00 of coverage to the Askews.

## IV. COUNTS

### COUNT I – BREACH OF CONTRACT

47. Plaintiffs repeat and incorporate by reference the allegations contained in Paragraphs 1-46 of the Complaint as if fully restated herein.

48. Plaintiffs had an enforceable insurance contract with AIG.

49. AIG materially breached its insurance policy issued to Plaintiffs.

50. Plaintiff did not materially breach any agreements with AIG.

51. As a result of AIG's material breach, Plaintiffs were damaged.

### COUNT II – PROMISSORY ESTOPPEL

52. Plaintiffs repeat and incorporate by reference the allegations contained in Paragraphs 1-51 of the Complaint as if fully restated herein.

53. AIG, pursuant to the terms of the Policy, promised to cover the losses sustained by Plaintiffs.

54. Plaintiffs relied on these promises to their detriment by, among other things, engaging contractors to demolish and begin reconstruction of the Premises, and by investing considerable sums in suitable alternative rental housing.

55. Thereafter, AIG unjustly decided to not cover the losses sustained at the Premises.

56. As a result of Plaintiffs' reliance on AIG's promises, Plaintiffs were damaged.

### COUNT III – VIOLATION OF M.G.L. c. 93A/176D

57. Plaintiffs repeat and incorporate by reference the allegations contained in Paragraphs 1-56 of the Complaint as if fully restated herein.

58. AIG is in the business of insurance, insurance adjusting, claims negotiation and claims settlement in Massachusetts.

59. AIG failed to promptly or fairly effectuate settlement of the Plaintiffs' claims relating to structural damage of their residence discovered in the course of AIG's inspection of the Premises for covered losses.

60. AIG failed to articulate any specific policy basis for a reservation of rights prior to Plaintiffs alerting the Company of their claims.

61. The prohibitions set forth in M.G.L. c. 176D, § 3(9) were established to minimize the necessity for insurance policy holders to resort to litigation in order to receive coverage for valid claims, and to permit claimants, when denied rightful coverage, to avail themselves of the protections of G.L. c. 93A.

62. Under M.G.L. c. 176D § 3(9) and G.L. c. 93A, §9, AIG is required to put a fair and reasonable offer of settlement on the table when liability and damages become clear, either within the 30-day period after receipt of a demand as set forth in c. 93A, §9(3), or as soon thereafter as liability and damages make themselves apparent.

63. The Askews fully cooperated with AIG in connection with AIG's investigation into their claim.

64. AIG has had a full and fair opportunity to view the Premises, to question the Askews, and to review and analyze the various engineering reports, records and notes.

65. AIG engaged in unfair and deceptive practices in the business of insurance in dereliction of M.G.L. c. 93 and M.G.L c. 176D.

66. AIG's deliberate failure to take steps, as required by law, to effectuate a prompt and fair settlement of the Askews' claims constitutes a violation of G.L. c 93A and c. 176D.

67. As a result of AIG's unfair and deceptive behavior, Plaintiffs were damaged.

## COUNT IV - DECLARATORY JUDGMENT - CHAPTER 231A

68. Plaintiffs repeat and incorporate by reference the allegations contained in Paragraphs 1-67 of the Complaint as if fully restated herein.

69. An actual controversy exists between the parties with respect to the matters stated above and more particularly including, but not limited to:

    A. Whether, by paying for the rot damage, AIG made an admission that the water damage to the Premises was a prior covered loss, and that the rot was found incidental to that loss.

    B. Whether the "ensuing covered loss" provisions of exclusions cited by AIG in denying Plaintiffs' claims were triggered because the framing and structural issues were found incidental to the water damage loss.

    C. Whether the Policy's $10,000.00 limit of liability applicable to the "Ensuing Fungi" "Additional Coverage" applies to the "Rebuilding to Code" "Additional Coverage."

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs, Henry Askew and Jennifer Askew, respectfully request that the Court grant the following relief:

1. Judgment in their favor on Counts I, II and III of the Complaint;

2. On Count IV, judgment declaring the rights and responsibilities of the parties and declaring, specifically, that Defendant AIG Property Casualty Company, is liable to Plaintiffs under the terms of the Policy, as set forth above;

3. Attorneys' fees, interest and costs, and

4. All other relief this Court deems appropriate.

## JURY CLAIM

The Plaintiffs demand a trial by jury on all claims so triable.

Respectfully submitted,
Henry Askew and Jennifer Askew
By their attorney,

Dated: January 8, 2020

Eric R. LeBlanc (BBO# 666786)
eleblanc@bennettandbelfort.com
Bennett & Belfort, P.C.
24 Thorndike Street, Suite 300
Cambridge, MA 02141
(617)577-8800

| Summons | CIVIL DOCKET NO.<br>2083cv00028 | Trial Court of Massachusetts<br>The Superior Court |
|---|---|---|
| CASE NAME:<br><br>Henry Askew and Jennifer Askew Plaintiff(s)<br>vs.<br><br>AIG Property Casualty Company Defendant(s) | | Robert S. Creedon, Jr.   Clerk of Courts<br>Plymouth   County<br>COURT NAME & ADDRESS:<br>Plymouth Superior Court<br>72 Belmont Street<br>Brockton, MA. 02301 |

THIS SUMMONS IS DIRECTED TO **AIG Property Casualty Company** (Defendant's name)

You are being sued. The Plaintiff(s) named above has started a lawsuit against you. A copy of the Plaintiff's Complaint filed against you is attached to this summons and the original complaint has been filed in the Plymouth Superior Court.

**YOU MUST ACT PROMPTLY TO PROTECT YOUR RIGHTS.**

1. **You must respond to this lawsuit in writing within 20 days.**

If you do not respond, the court may decide the case against you and award the Plaintiff everything asked for in the complaint. You will also lose the opportunity to tell your side of the story. You must respond to this lawsuit in writing even if you expect to resolve this matter with the Plaintiff. **If you need more time to respond, you may request an extension of time in writing from the Court.**

2. **How to Respond.**

To respond to this lawsuit, you must file a written to response with the court **and** mail a copy to the Plaintiff's Attorney (or the Plaintiff, if unrepresented). You can do this by:

   a) Filing your **signed original** response with the Clerk's Office for Civil Business, Plymouth Superior Court 72 Belmont Street, Brockton, MA. 02301          (address), by mail or in person **AND**

   b) Delivering or mailing a **copy** of your response to the Plaintiff's Attorney/Plaintiff at the following address:
   Eric R. LeBlanc / Bennett + Belfort, P.C.
   24 Thorndike Street, Suite 300, Cambridge, MA 02141

3. **What to Include in Your Response.**

An "Answer" is one type of response to a Complaint. Your Answer must state whether you agree or disagree with the fact(s) alleged in each paragraph of the Complaint. Some defenses, called affirmative defenses, must be stated in your Answer or you may lose your right to use them in court. If you have any claims against the Plaintiff (referred to as **counterclaims**) that are based on the same facts or transaction described in the Complaint, then you must include those claims in your Answer. Otherwise, you may lose your right to sue the Plaintiff about anything related to this lawsuit. If you want to have your case heard by a jury, you must **specifically** request a jury trial in your court no more than 10 days after sending your Answer.

3 (cont). You can also respond to a Complaint by filing a **"Motion to Dismiss,"** if you believe that the complaint is legally invalid or legally insufficient. A Motion to Dismiss must be based on one of the legal deficiencies or reasons listed under **Mass. R. Civ. P. 12.** If you are filing a Motion to Dismiss, you must also comply with the filing procedures for "Civil Motions" described in the rules of the Court in which the complaint was filed, available at:

www.mass.gov/courts/case-legal-res/rules_of_court

4. **Legal Assistance.**

You may wish to get legal help from a lawyer. If you cannot get legal help, some basic information for people who represent themselves is available at www.mass.gov/courts/selfhelp.

5. **Required Information on All Filings:**

The "civil docket number" appearing at the top of this notice is the case number assigned to this case and must appear on the front of your Answer or Motion to Dismiss. You should refer to yourself as the "Defendant."

Witness Hon. Judith Fabricant, Chief Justice on January 27, 20 20 . (Seal)

Clerk-Magistrate

Note: The number assigned to the Complaint by the Clerk-Magistrate at the beginning of the lawsuit should be indicated on the summons before it is served on the Defendant.

---

### PROOF OF SERVICE OF PROCESS

I hereby certify that on _____ . I served a copy of this summons, together with a copy of the complaint in this action, on the defendant named in this summons, in the following manner (See Mass. R. Civ. P. 4(d)(1-5)):

_____

_____

_____

Dated: _____                Signature: _____

N.B. **TO PROCESS SERVER:**

PLEASE ENTER THE DATE THAT YOU MADE SERVICE ON THE DEFENDANT IN THIS BOX - BOTH ON THE ORIGINAL SUMMONS AND ON THE COPY OF THE SUMMONS SERVED ON THE DEFENDANT.

Date: _____

rev. 1/2019

| CIVIL ACTION COVER SHEET | DOCKET NUMBER | Trial Court of Massachusetts The Superior Court |
|---|---|---|
| **PLAINTIFF(S):** Henry Askew and Jennifer Askew <br> **ADDRESS:** c/o Eric R. LeBlanc, Esq. (please see below) | **DEFENDANT(S):** AIG Property Casualty Company | **COUNTY** Plymouth |
| **ATTORNEY:** Eric R. LeBlanc <br> **ADDRESS:** Bennett & Belfort, P.C. <br> 24 Thorndike Street, Suite 300 <br> Cambridge, MA 02141 <br> **BBO:** 666786 | **ADDRESS:** | |

### TYPE OF ACTION AND TRACK DESIGNATION (see reverse side)

| CODE NO. | TYPE OF ACTION (specify) | TRACK | HAS A JURY CLAIM BEEN MADE? |
|---|---|---|---|
| A06 | Insurance Contract | F | [X] YES [ ] NO |

*If "Other" please describe:

Is there a claim under G.L. c. 93A? [X] YES [ ] NO

Is this a class action under Mass. R. Civ. P. 23? [ ] YES [X] NO

### STATEMENT OF DAMAGES PURSUANT TO G.L. c. 212, § 3A

The following is a full, itemized and detailed statement of the facts on which the undersigned plaintiff or plaintiff's counsel relies to determine money damages. For this form, disregard double or treble damage claims; indicate single damages only.

**TORT CLAIMS**
(attach additional sheets as necessary)

A. Documented medical expenses to date:
1. Total hospital expenses ........................ $
2. Total doctor expenses .......................... $
3. Total chiropractic expenses ................. $
4. Total physical therapy expenses .......... $
5. Total other expenses (describe below) .. $
   Subtotal (A): $
B. Documented lost wages and compensation to date ........ $
C. Documented property damages to date .................. $
D. Reasonably anticipated future medical and hospital expenses .... $
E. Reasonably anticipated lost wages ........................ $
F. Other documented items of damages (describe below) ..... $

FILED
COMMONWEALTH OF MASSACHUSETTS
SUPERIOR COURT DEPT. OF THE TRIAL COURT
PLYMOUTH COUNTY

JAN 1 3 2020

Clerk of Court

G. Briefly describe plaintiff's injury, including the nature and extent of injury:

TOTAL (A-F):$

**CONTRACT CLAIMS**
(attach additional sheets as necessary)

[ ] This action includes a claim involving collection of a debt incurred pursuant to a revolving credit agreement. Mass. R. Civ. P. 8.1(a).
Provide a detailed description of claim(s):
TOTAL: $ 1,941,275 +

breach of contract; promissory estoppel; violation of M.G.L. c. 93A / 176D; declaratory judgment

**Signature of Attorney/ Unrepresented Plaintiff:** X                Date: 1/8/20

**RELATED ACTIONS:** Please provide the case number, case name, and county of any related actions pending in the Superior Court.

### CERTIFICATION PURSUANT TO SJC RULE 1:18

I hereby certify that I have complied with requirements of Rule 5 of the Supreme Judicial Court Uniform Rules on Dispute Resolution (SJC Rule 1:18) requiring that I provide my clients with information about court-connected dispute resolution services and discuss with them the advantages and disadvantages of the various methods of dispute resolution.

**Signature of Attorney of Record:** X                Date: 1/8/20

# CIVIL ACTION COVER SHEET INSTRUCTIONS
## SELECT CATEGORY THAT BEST DESCRIBES YOUR CASE

### AC Actions Involving the State/Municipality *

| | |
|---|---|
| AA1 Contract Action involving Commonwealth, Municipality, MBTA, etc. | (A) |
| AB1 Tortious Action involving Commonwealth, Municipality, MBTA, etc. | (A) |
| AC1 Real Property Action involving Commonwealth, Municipality, MBTA etc. | (A) |
| AD1 Equity Action involving Commonwealth, Municipality, MBTA, etc. | (A) |
| AE1 Administrative Action involving Commonwealth, Municipality, MBTA, etc. | (A) |

### CN Contract/Business Cases

| | |
|---|---|
| A01 Services, Labor, and Materials | (F) |
| A02 Goods Sold and Delivered | (F) |
| A03 Commercial Paper | (F) |
| A04 Employment Contract | (F) |
| A05 Consumer Revolving Credit - M.R.C.P. 8.1 | (F) |
| A06 Insurance Contract | (F) |
| A08 Sale or Lease of Real Estate | (F) |
| A12 Construction Dispute | (A) |
| A14 Interpleader | (F) |
| BA1 Governance, Conduct, Internal Affairs of Entities | (A) |
| BA3 Liability of Shareholders, Directors, Officers, Partners, etc. | (A) |
| BB1 Shareholder Derivative | (A) |
| BB2 Securities Transactions | (A) |
| BC1 Mergers, Consolidations, Sales of Assets, Issuance of Debt, Equity, etc. | (A) |
| BD1 Intellectual Property | (A) |
| BD2 Proprietary Information or Trade Secrets | (A) |
| BG1 Financial Institutions/Funds | (A) |
| BH1 Violation of Antitrust or Trade Regulation Laws | (A) |
| A99 Other Contract/Business Action - Specify | (F) |

\* Choose this case type if ANY party is the Commonwealth, a municipality, the MBTA, or any other governmental entity UNLESS your case is a case type listed under Administrative Civil Actions (AA).

† Choose this case type if ANY party is an incarcerated party, UNLESS your case is a case type listed under Administrative Civil Actions (AA) or is a Prisoner Habeas Corpus case (E97).

### ER Equitable Remedies

| | |
|---|---|
| D01 Specific Performance of a Contract | (A) |
| D02 Reach and Apply | (F) |
| D03 Injunction | (F) |
| D04 Reform/ Cancel Instrument | (F) |
| D05 Equitable Replevin | (F) |
| D06 Contribution or Indemnification | (F) |
| D07 Imposition of a Trust | (A) |
| D08 Minority Shareholder's Suit | (A) |
| D09 Interference in Contractual Relationship | (F) |
| D10 Accounting | (A) |
| D11 Enforcement of Restrictive Covenant | (F) |
| D12 Dissolution of a Partnership | (F) |
| D13 Declaratory Judgment, G.L. c. 231A | (A) |
| D14 Dissolution of a Corporation | (F) |
| D99 Other Equity Action | (F) |

### PA Civil Actions Involving Incarcerated Party †

| | |
|---|---|
| PA1 Contract Action involving an Incarcerated Party | (A) |
| PB1 Tortious Action involving an Incarcerated Party | (A) |
| PC1 Real Property Action involving an Incarcerated Party | (F) |
| PD1 Equity Action involving an Incarcerated Party | (F) |
| PE1 Administrative Action involving an Incarcerated Party | (F) |

### TR Torts

| | |
|---|---|
| B03 Motor Vehicle Negligence - Personal Injury/Property Damage | (F) |
| B04 Other Negligence - Personal Injury/Property Damage | (F) |
| B05 Products Liability | (A) |
| B06 Malpractice - Medical | (A) |
| B07 Malpractice - Other | (A) |
| B08 Wrongful Death - Non-medical | (A) |
| B15 Defamation | (A) |
| B19 Asbestos | (A) |
| B20 Personal Injury - Slip & Fall | (F) |
| B21 Environmental | (F) |
| B22 Employment Discrimination | (F) |
| BE1 Fraud, Business Torts, etc. | (A) |
| B99 Other Tortious Action | (F) |

### RP Summary Process (Real Property)

| | |
|---|---|
| S01 Summary Process - Residential | (X) |
| S02 Summary Process - Commercial/ Non-residential | (F) |

### RP Real Property

| | |
|---|---|
| C01 Land Taking | (F) |
| C02 Zoning Appeal, G.L. c. 40A | (F) |
| C03 Dispute Concerning Title | (F) |
| C04 Foreclosure of a Mortgage | (X) |
| C05 Condominium Lien & Charges | (X) |
| C99 Other Real Property Action | (F) |

### MC Miscellaneous Civil Actions

| | |
|---|---|
| E18 Foreign Discovery Proceeding | (X) |
| E97 Prisoner Habeas Corpus | (X) |
| E22 Lottery Assignment, G.L. c. 10, § 28 | (X) |

### AB Abuse/Harassment Prevention

| | |
|---|---|
| E15 Abuse Prevention Petition, G.L. c. 209A | (X) |
| E21 Protection from Harassment, G.L. c. 258E | (X) |

### AA Administrative Civil Actions

| | |
|---|---|
| E02 Appeal from Administrative Agency, G.L. c. 30A | (X) |
| E03 Certiorari Action, G.L. c. 249, § 4 | (X) |
| E05 Confirmation of Arbitration Awards | (X) |
| E06 Mass Antitrust Act, G.L. c. 93, § 9 | (A) |
| E07 Mass Antitrust Act, G.L. c. 93, § 8 | (X) |
| E08 Appointment of a Receiver | (X) |
| E09 Construction Surety Bond, G.L. c. 149, §§ 29, 29A | (A) |
| E10 Summary Process Appeal | (X) |
| E11 Worker's Compensation | (X) |
| E16 Auto Surcharge Appeal | (X) |
| E17 Civil Rights Act, G.L. c.12, § 11H | (A) |
| E24 Appeal from District Court Commitment, G.L. c.123, § 9(b) | (X) |
| E25 Pleural Registry (Asbestos cases) | |
| E94 Forfeiture, G.L. c. 265, § 56 | (X) |
| E95 Forfeiture, G.L. c. 94C, § 47 | (F) |
| E99 Other Administrative Action | (X) |
| Z01 Medical Malpractice - Tribunal only, G.L. c. 231, § 60B | (F) |
| Z02 Appeal Bond Denial | (X) |

### SO Sex Offender Review

| | |
|---|---|
| E12 SDP Commitment, G.L. c. 123A, § 12 | (X) |
| E14 SDP Petition, G.L. c. 123A, § 9(b) | (X) |

### RC Restricted Civil Actions

| | |
|---|---|
| E19 Sex Offender Registry, G.L. c. 6, § 178M | (X) |
| E27 Minor Seeking Consent, G.L. c.112, § 12S | (X) |

**TRANSFER YOUR SELECTION TO THE FACE SHEET**

**EXAMPLE:**

| CODE NO. | TYPE OF ACTION (specify) | TRACK | HAS A JURY CLAIM BEEN MADE? |
|---|---|---|---|
| B03 | Motor Vehicle Negligence-Personal Injury | F | [X] YES    [ ] NO |

## STATEMENT OF DAMAGES PURSUANT TO G.L. c. 212, § 3A

**DUTY OF THE PLAINTIFF** - The plaintiff shall set forth, on the face of the civil action cover sheet (or attach additional sheets as necessary), a statement specifying the facts on which the plaintiff relies to determine money damages. A copy of such civil action cover sheet, including the statement as to the damages, shall be served with the complaint. **A clerk-magistrate shall not accept for filing a complaint, except as otherwise provided by law, unless it is accompanied by such a statement signed by the attorney or self-represented litigant.**

**DUTY OF THE DEFENDANT** - If the defendant believes that the statement of damages filed by the plaintiff is inadequate, the defendant may file with his/her answer a statement specifying the potential damages which may result if the plaintiff prevails.

**A CIVIL COVER SHEET MUST BE FILED WITH EACH COMPLAINT.**
**FAILURE TO COMPLETE THIS COVER SHEET THOROUGHLY AND ACCURATELY**
**MAY RESULT IN DISMISSAL OF THIS ACTION.**

| CIVIL TRACKING ORDER<br>(STANDING ORDER 1- 88) | DOCKET NUMBER<br>2083CV00028 | Trial Court of Massachusetts<br>The Superior Court |
|---|---|---|
| CASE NAME:<br>Askew, Henry et al vs. AIG Property Casualty Company | | Robert S. Creedon, Jr., Clerk of Courts |
| TO: Eric R LeBlanc, Esq.<br>Bennett & Belfort, P.C.<br>24 Thorndike St<br>Suite 300<br>Cambridge, MA 02141 | | COURT NAME & ADDRESS<br>Plymouth County Superior Court - Brockton<br>72 Belmont Street<br>Brockton, MA 02301 |

### TRACKING ORDER - F - Fast Track

You are hereby notified that this case is on the track referenced above as per Superior Court Standing Order 1-88. The order requires that the various stages of litigation described below must be completed not later than the deadlines indicated.

**STAGES OF LITIGATION**                                          **DEADLINE**

| | SERVED BY | FILED BY | HEARD BY |
|---|---|---|---|
| Service of process made and return filed with the Court | | 04/13/2020 | |
| Response to the complaint filed (also see MRCP 12) | | 05/12/2020 | |
| All motions under MRCP 12, 19, and 20 | 05/12/2020 | 06/11/2020 | 07/13/2020 |
| All motions under MRCP 15 | 05/12/2020 | 06/11/2020 | 07/13/2020 |
| All discovery requests **and depositions** served and non-expert depositions completed | 11/09/2020 | | |
| All motions under MRCP 56 | 12/08/2020 | 01/07/2021 | |
| Final pre-trial conference held and/or firm trial date set | | | 05/07/2021 |
| Case shall be resolved and judgment shall issue by | | | 01/12/2022 |

**The final pre-trial deadline is <u>not the scheduled date of the conference</u>.** You will be notified of that date at a later time.
**Counsel for plaintiff must serve this tracking order on defendant before the deadline for filing return of service.**
This case is assigned to

| DATE ISSUED | ASSISTANT CLERK | PHONE |
|---|---|---|
| 01/13/2020 | | |